The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except as modified herein. The Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner except as MODIFIED as follows:
* * * * * * * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing, in an executed Pre-Trial agreement submitted on August 18, 1994, in a Form 21, Agreement For Compensation For Disability, approved by the Industrial Commission on June 18, 1992, and in a Form 26, Supplemental Memorandum Of Agreement As To Payment Of Compensation, approved by the Industrial Commission on August 4, 1993, which Awards are incorporated herein by reference as Awards of record, as
STIPULATIONS
1. The Employee is Renee B. Smith.
2. The self-insured employer is the North Carolina Department of Public Instruction.
3. Defendant-Employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act. The employer and the employee relationship existed between the employer and the employee on January 6, 1992, reflected on I.C. File No. 235031, and on March 3, 1992, the date of the compensable injury reflected on I.C. File No. 234933.
4. A Form 21 was executed by the parties and approved by the North Carolina Industrial Commission on June 18, 1992, for I.C. File No. 234933, under the terms of which claimant has been paid temporary total disability from May 1, 1992 through September 7, 1992, at an average weekly wage of $312.00, resulting in a weekly compensation rate of $208.01.
5. A Form 22 stipulated into evidence by the parties.
6. Claimant has been out of work from May 5, 1993 through the date of hearing.
7. The claimant contends the issues to be heard are:
 a. Whether the Form 26 for I.C. File No. 234933 received an appropriate review as required by Vernon v. Steven L. Mabe Builders, and whether it should be vacated?
 b. Whether the Plaintiff sustained a change of condition for I.C. File No. 234933, as contemplated by N.C.G.S. § 97-47?
 c. If so, what amount of past and future temporary total disability benefits is the Plaintiff entitled as a result of her compensable injury?
 d. To what medical treatment is the Plaintiff entitled in order to effect a cure or to provide relief for her compensable injury?
 e. Whether Plaintiff sustained a compensable injury on January 6, 1992 to her lower back and left leg?
 f. If so, to what amount of past and future temporary total disability benefits is the Plaintiff entitled as a result of her compensable injury?
 g. To what medical treatment is the Plaintiff entitled in order to effect a cure or to provide relief for her compensable injury?
8. The Defendant contends the issue to be heard is:
 a. Whether plaintiff's May 1993 disability relates back to either work-related injury sustained in 1992?
* * * * * * * * * * * * * * * * *
The Full Commission adopts in part and modifies in part the Findings of Fact by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a thirty-eight year old high school graduate who attended two and a half years of college as a mathematics major. Plaintiff worked for defendant as a school secretary.
2. On January 6, 1992, plaintiff, while in the normal course of her duties with defendant-employer, slipped on a wet floor and fell. At that time, she experienced soreness in her left knee and tightness in her back. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Plaintiff missed no time from work and required no medical treatment as a result of this incident.
3. On March 3, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant when she bent over and picked up two boxes, at which time she experienced pain in her low back which went down her left leg to her foot.
4. As a result of her compensable injury of March 3, 1992, plaintiff sought medical treatment from Dr. Surendrapal Singh Mac on March 5, 1992. Dr. Mac diagnosed plaintiff with acute lumbar strain and referred plaintiff to Dr. Craig Van Der Veer, a neurosurgeon, for further evaluation and treatment. Dr. Van Der Veer examined plaintiff on May 6, 1992. On June 1, 1992, Dr. Van Der Veer performed a left-sided L5-S1 microscopic laminectomy and removal of a small disc herniation. On September 8, 1992, plaintiff was released by Dr. Van Der Veer to return to work under a 30 pound lifting restriction.
5. As a result of her compensable injury of March 3, 1992 and resulting surgery, plaintiff was unable to earn any wages from May 1, 1992 through September 7, 1992, for which she was paid temporary total disability benefits pursuant to an approved Form 21 Agreement.
6. Plaintiff returned to work for defendant in her previous capacity as a secretary for the entire 1992-93 school year which ran from September 8, 1992 through May 5, 1993, earning the same or greater wage than she was earning at the time of her compensable injury of March 3, 1992.
7. Plaintiff received treatment from her family physician, Dr. Liles, during the 1992-93 school year for complaints of low back pain for which she was prescribed narcotic pain medication. This treatment was reasonably required to effect a cure, give relief, or lessen her disability from her March 3, 1992 compensable injury.
8. On May 5, 1993, plaintiff returned to Dr. Van Der Veer complaining of low back pain which came about after bending over to pick something up. Dr. Van Der Veer suspected a recurrent disc herniation and wrote that plaintiff should not work for two weeks. A CT scan was performed on plaintiff on May 19, 1993. This procedure showed no recurrent disc herniation, but did show the L5-S1 disc to be severely degenerated with a large anterior disc herniation. Dr. Van Der Veer diagnosed plaintiff as having strained her back and referred plaintiff to the Southeastern Pain Management Clinic for epidural steroid injection treatment. Dr. Van Der Veer did not relate plaintiff's current condition to her March 3, 1992 injury by accident or the work related incident of January 6, 1992.
9. On June 15, 1993, plaintiff was terminated from her position with defendant.
10. On June 21, 1993 plaintiff wrote a handwritten letter addressed to Jane Rogers in which she specifically requested the preparation of a Form 26 for payment for the 10% permanent partial impairment of her back, which Dr. Van Der Veer determined that she had sustained as a result of her March 3, 1992 compensable injury, the resulting surgery, the residual chronic back pain, and the loss of left ankle reflex.
11. On June 28, 1993, Dr. Van Der Veer released plaintiff to return to work under the restrictions of a 40 pound lifting limit and the ability to alter her position as needed. Plaintiff did not return to work with defendant-employer at that time inasmuch as she had been terminated from employment with defendant-employer on June 15, 1993. Plaintiff did not seek other employment, ostensibly because of back pain.
12. On August 4, 1993, the Industrial Commission approved the Form 26 agreement pursuant to which defendant paid plaintiff $208.01 for 30 weeks for the 10% permanent partial impairment of her back.
13. On the date the Industrial Commission approved the Form 26 Agreement, the Industrial Commission had available to it for determining the fairness of the agreement Dr. Van Der Veer's rating of 10% permanent partial impairment to plaintiff's back and his release of plaintiff to work under restrictions of 40 pounds lifting and the ability to alter her position as needed. Although plaintiff did not have a job to return to with defendant-employer, there was nothing before the Industrial Commission from which the Industrial Commission could determine that plaintiff had the incapacity to earn wages in any other employment. At the time the Form 26 Agreement was approved by the Industrial Commission, the agreement was fair and just and in accordance with the intent and purpose of the Workers' Compensation Act.
14. On May 18, 1994, plaintiff was seen and evaluated by Dr. Craig Derian at the request of plaintiff's attorney. At that time, plaintiff had complaints of chronic low back pain and left leg pain which occasionally extended to the ankle. Dr. Derian's diagnosis was persistent pain due to disc degeneration. Dr. Derian was of the opinion that plaintiff's work-related incident of January 6, 1992 and compensable injury of March 3, 1992 resulted in progression of plaintiff's degenerative disc disease to a disabling degree such that plaintiff had the capacity to earn wages only in sedentary, part-time employment.
15. The greater weight of the evidence establishes that plaintiff's incapacity to earn wages since May 3, 1993 is not causally related to her March 3, 1992 compensable injury or the January 6, 1992 work related incident.
16. Plaintiff has not experienced a substantial change in wage earning capacity which is causally related to the March 3, 1992 injury by accident or the January 6, 1992 work-related incident. Plaintiff has experienced pain which is consistent with what is to be expected with a 10% permanent partial impairment rating and continues to be in need of medical treatment to provide relief from her symptoms.
17. Since the last payment of compensation for the 10% permanent partial disability to her back pursuant to final Award of the Industrial Commission, the Form 26 Agreement approved by the Industrial Commission August 4, 1993, plaintiff has not undergone a substantial change of condition which is causally related to her March 3, 1992 injury by accident or the January 6, 1992 work-related incident.
18. The medical evaluation and treatment provided to plaintiff by Dr. Derian and Dr. Liles were reasonably required to diagnose and treat plaintiff's symptoms resulting from her work related injuries.
* * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law , the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On January 6, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant when she slipped on a wet floor and fell, resulting in tightness in her back and soreness in her left knee for which she missed no time from work and required no medical treatment. G.S. 97-2 (6).
2. On March 3, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant when she bent over and picked up two boxes, resulting in an injury to her back. As a result of her March 3, 1992 injury by accident, plaintiff was temporarily totally disabled from May 1, 1992 through September 7, 1992 for which she has already received temporary total compensation in the amount of $208.01 per week for the aforementioned period. G.S. 97-2 (6); G.S. 97-29.
3. The Form 26, Supplemental Memorandum of Agreement for Payment of Compensation, was fair and just and in accordance with the intent and purpose of the Workers' Compensation Act and consequently will not be vacated or set aside.
4. Inasmuch as plaintiff has failed to prove by the greater weight of the evidence that she has sustained a substantial change of condition since the date of last payment of compensation paid pursuant to the Award of the Industrial Commission (Form 26 Agreement approved by the Industrial Commission August 4, 1993), she is not entitled to any additional compensation therefor. G.S. § 97-47.
5. Plaintiff is entitled to payment by defendant for all reasonable medical expenses incurred or to be incurred as a result of her injuries by accident of January 6, 1992 and March 3, 1992, including the medical evaluation and treatment rendered by Dr. Mac, Dr. Van Der Veer, Dr. Liles and Dr. Derian. G.S. 97-2 (19); G.S. § 97-25.
* * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim for additional compensation based upon a change of condition and to set aside the Form 26 Agreement approved by the Industrial Commission on August 4, 1993, must be, and the same is hereby, DENIED.
2. Defendant shall pay for all reasonable medical expenses incurred or to be incurred as a result of plaintiff's injuries by accident of January 6, 1992 and March 3, 1992, including past medical evaluations and treatment provided by Dr. Mac, Dr. Van Der Veer, Dr. Liles and Dr. Derian.
3. Defendant shall pay expert witness fees in the amount of $220 to Dr. Surendrapal Singh Mac, $600 to Dr. Craig Van Der Veer, $240 to Dr. Richard V. Liles, and $330 to Dr. Craig T. Derian.
4. Defendant shall pay the costs due this Commission.
 S/ ________________ BERNADINE BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ COY M. VANCE COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER
BSB:be